DOWNING, J.
| gThis is an election dispute challenging whether defendant Carl Martin meets the minimum requirements to qualify as a candidate for the office of Marshal, Ward II, City Court, Denham Springs, Louisiana. Finding no error in the trial court’s judgment, we affirm.

DISCUSSION

Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office. La. R.S. 18:451. A candidate for marshal “shall be a resident elector of the territorial jurisdiction of the court and shall possess a high school diploma or its equivalent as determined by the Board of Elementary and Secondary Education.” La. R.S. 13:1880 A(l).
Plaintiff, Charles Brou, brought this election suit, alleging that Martin is unqualified for the position he seeks because he “does not have a high school diploma, nor does he possess a general equivalency diploma issued by the [Department of Education].” At trial, Martin stipulated that he does not possess a GED as approved by the Board of Elementary and Secondary Education. Thus, the issue before the trial court was whether Martin possessed a “high school diploma” as required by La. R.S. 13:1880 A(l).
Election laws must be interpreted to give the electorate the widest possible choice of candidates, and therefore, a person objecting to candidacy bears the burden of proving that the candidate is disqualified. Landiak v. Richmond, 2005-0758, pp. 6-7 (La.3/24/05), 899 So.2d 535, 541. A court determining whether the person objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct of | selections so as to promote rather than defeat candidacy. Landiak, 2005-0758 at p. 7, 899 So.2d at 541.
*277 The trial court found, as a matter of fact, that “Martin took a correspondence course and was granted a diploma by an out of state institution.” The trial court concluded that the language of La. R.S. 13:1880 A(l) is disjunctive, and as such, only a high school equivalent must meet BESE standards. So concluding and in light of the liberal construction given to laws governing the conduct of elections so as to promote rather than defeat candidacy, the trial court held that plaintiff failed to meet his burden of proof and did not establish that Martin lacks the legal qualifications to hold the office of marshal.
Under the manifest error standard of review, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In order to reverse a fact finder’s determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding and 2) further determine that the record establishes that the fact finder is clearly wrong. Bonin v. Ferrellgas, Inc., 2003-3024, pp. 6-7 (La.7/2/04), 877 So.2d 89, 94-95. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be clearly wrong. Bonin, 2003-3024 at p. 12, 877 So.2d at 98. Similarly, where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review. Bonin, 2003-3024 at p. 12, 877 So.2d at 98. In evaluating a trial court’s legal determinations, the appellate court simply determines whether the trial court |4was legally correct or legally incorrect. Cangelosi v. Allstate Ins. Co., 96-0159, p. 3 (La.App. 1 Cir. 9/27/96), 680 So.2d 1358, 1360, writ denied, 96-2586 (La.12/13/96), 692 So.2d 375. We have reviewed the record in its entirety, as well as the applicable laws, and we find no error in the trial court’s determination.
Martin testified that while serving as Chief Deputy Marshall, and with the encouragement of Ward II Marshall Steve Achord, he enrolled in a high school correspondence course and received his high school diploma. Martin provided the trial court with a copy of his correspondence course transcript and the diploma he received in the mail. The transcript from Ashworth University in Norcross, Georgia, reflects that Martin acquired sixteen credit hours prior to his graduation on May 17, 2007. Martin was awarded a “Correspondence General Diploma” from James Madison High School in Atlanta, Georgia, on May 17, 2007.[1]
Plaintiff offered the testimony of Elizabeth Cheek Moore to prove Martin lacks the required high school diploma. Moore is an Education Program Consultant with the Louisiana Department of Education. Moore explained that there are two types of Louisiana Diplomas: (1) the Louisiana Standard High School Diploma and (2) the Louisiana High School Equivalency Diploma. The two diplomas are not the same, and each type of diploma has different educational requirements. Moore testified that she does not issue Louisiana Standard High School Diplomas, but generally, twenty-three Carnegie units are required to receive such a diploma. In Moore’s opinion, Martin’s sixteen units of coursework would be | ¡/‘incomplete” for purposes of a Louisiana Standard High School Diploma. However, Moore acknowledged that she is unaware of a procedure to have out-of-state diplomas “certified” in Louisiana. Moore elaborated that diplomas are generally for post-secondary education or career attainment, and it is those organizations that determine whether an out-of- *278 state high school diploma should be recognized.
Moore’s testimony, while instructive, is not determinative. Martin does not claim to have either a Louisiana Standard High School Diploma or a Louisiana High School Equivalency Diploma. Rather, Martin testified that he possesses a high school diploma from on out-of-state institution. We find no error in the trial court’s conclusions that plaintiff failed to meet his burden of proving that Martin does not possess a high school diploma as contemplated by La. R.S. 13:1880 A(l) and that Martin is qualified to run for the Office of Marshal, Ward II, City Court, Denham Springs, Louisiana. Our conclusion is bolstered by the well accepted tenet that any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. Landiak; 2005-0758 at p. 7, 899 So.2d at 541.

CONCLUSION

For the foregoing reasons, the judgment appealed from is affirmed. Costs of this appeal are assessed to the plaintiffiappel-lant, Charles Brou.
AFFIRMED.

. Martin testified he enrolled in only one correspondence program.